[No. 459-3.     Division Three.     June 12, 1973.]

PETER E. GIFFORD, *Appellant*, v̇. THE COUNTY OF SPOKANE *et al.*, *Respondents*.

*Willard W. Jones* (of *MacGillivray, Jones, Clarke, Schiffner & Johnson*), for appellant.

*Donald C. Brockett, Prosecuting Attorney, Garald A. Gesinger, Deputy,* and *E. Glenn Harmon* (of *Witherspoon, Kelley, Davenport & Toole*), for respondents.

GREEN, C.J.—The Spokane County Planning Director issued to plaintiff, Peter E. Gifford, a permit to construct a contractor's maintenance building for use in aircraft repair on land owned by him in an agricultural zone and a certificate of occupancy which allowed aircraft to land and take off from the property incidental to the repair business. The Spokane County Board of Adjustment reversed the planning director's decision allowing aircraft to land and take off from the premises. On review to the superior court, the board's decision was affirmed. Plaintiff appeals.

Errors assigned raise four basic questions: (1) Was there a timely appeal to the Board of Adjustment? (2) Was adequate notice of hearing given by the Board of Adjustment? (3) Was the board's decision arbitrary or capricious and contrary to the zoning ordinance? and (4) Did the judgment of the superior court improperly go beyond a mere affirmance of the board's decision? We answer "no" to (3), and "yes" to (1), (2), and (4).

Plaintiff resides on a 9.61-acre tract of land in Spokane County. It is zoned agricultural under the Spokane County Zoning Ordinance. Plaintiff, a certified aircraft mechanic, decided to engage in the repair of fabric on small planes, primarily crop-dusting planes, and other mechanical repairs of aircraft on his property.

On June 24, 1968, a neighbor wrote to the zoning administrator, outlining plaintiff's intended plans and stating that aircraft were occasionally landing on the property. Inquiry was made as to whether or not the area would have to be rezoned before plaintiff could engage in such activity. The zoning administrator responded that plaintiff would be required to have 40 acres for a landing strip and that a permit for such landings would not be issued without notice and a public hearing. On July 31, the zoning administrator visited the property. At that time, the airstrip was not well defined and there was very little discussion concerning it. Plaintiff was told to go to the Planning Commission office to determine the legality of his proposed business. On August 2, the matter was discussed with the zoning

administrator and planning director. The director informed plaintiff that his business could qualify under section 4.04.110(b)[1] of the Spokane County Zoning Ordinance as a contractor's maintenance, repair and processing building, a supporting use, and that planes could be landed on the property in connection with that business. These decisions were made without notice to the neighbors or hearing and contrary to the information given in response to the June 24 letter of inquiry.

In the fall of 1968, plaintiff, without first obtaining a building permit, began to lay footings and build a concrete block building. Shortly thereafter, a planning commission representative directed plaintiff to stop construction until a building permit was secured. On December 9, 1968, plaintiff obtained a permit to construct a "Contractor's Maintenance Building." There was no reference in the permit to aircraft.

On May 1, 1969, an adjoining neighbor complained in writing to the Planning Commission about planes landing on and taking off from plaintiff's property. The zoning administrator replied that before plaintiff could land aircraft he must obtain a conditional use permit; that such permit could be issued only after notice to all the neighbors and public hearing; and that 40 acres of land was necessary for such use. Thereafter, on May 9, 1969, plaintiff was notified in writing that it would be necessary for him to obtain a

---

[1]"4.04.110 *Supporting uses permitted—4½ acres with 200 feet frontage.* On property of not less than four and one-half (4½) acres with not less than two hundred (200) feet of continuous frontage on any public street, when located two hundred (200) feet from any existing dwelling other than the dwelling of the owner of the property, and fifty (50) feet from any property line, the following uses are permitted:

". . .

"b. A contractor's maintenance, repair and process building and storage yard, when located on the same property with the dwelling in which he resides, provided that not more than one person outside his own immediate family is employed to work on the premises and provided that any storage area is securely fenced and does not cover more than twelve thousand (12,000) square feet. Fencing must be sight-obscuring.

conditional use permit to land aircraft on his property. He was further informed that such permit could be obtained only after public hearing before the zoning adjuster (planning director). On May 22, 1969, the planning director overruled the decision of the zoning administrator as expressed in his letter of May 9, and without notice or public hearing determined that a conditional use permit to land aircraft was not required. Thereupon, a certificate of occupancy was issued to plaintiff for "Pete's Aircraft Maintenance and Landing Field" restricting the use of the landing field to the contracting business. The landing field was held to be a supporting use within section 4.04.110 (b), it being incidental to the business. Thereafter, adjoining landowners complained to the planning office about the landing of aircraft. At that time, they learned of the issuance of the May 22 certificate of occupancy. The adjoining landowners were advised they could ask the Board of Adjustment to review the planning director's interpretation of the zoning ordinance.

On June 13, 1969, an adjoining landowner appealed to the Board of Adjustment. After a hearing on July 30, 1969, the board reversed the planning director's ruling which permitted an aircraft landing field on plaintiff's property without a conditional use permit. The board's written decision of August 30, 1969 was affirmed by the superior court.

First, plaintiff contends the Board of Adjustment lacked jurisdiction to review the determination of the planning director to issue a certificate of occupancy for "Pete's Aircraft Maintenance and Landing Field" because no timely appeal was taken by the complaining neighbors within 5 days as required by section 4.25.060. We disagree.

In *Pierce v. King County*, 62 Wn.2d 324, 382 P.2d 628 (1963), the court dealt with a petition for a writ of certiorari to review a zoning resolution adopted 2½ years before the petition was filed. This resolution had been adopted without notice or hearing. It was contended the petition was not timely filed. The court rejected this contention, granted certiorari and reasoned at pages 333-35:

We confirm the rule . . . that, where certiorari is taken from an inferior court to a superior court, the time within which certiorari must be brought shall be determined by the time allowable for an appeal as prescribed by statute or rule of court. But we should point out that *this rule is limited to cases arising in the courts,* or in other judicial proceedings, where the direct notice of the pendency thereof to the parties involved is jurisdictional. . . . *This rule of timeliness should not apply to a review of a zoning regulation.*

. . .

. . . If petitioners are in a situation where they would not normally be expected to learn of the legislative action, where they are directly affected by it, and where they do not have actual knowledge, the time for the commencement of certiorari begins with acquisition of knowledge or with the occurrence of events from which notice ought to be inferred as a matter of law. A different rule would permit zoning departures of the most drastic nature from the comprehensive zoning plan and would leave persons most detrimentally affected thereby without redress in the courts against arbitrary legislative action.

(Italics ours.) In *Pierce,* the petition for certiorari was filed within 2 months from the time the applicants first learned the facts.

While *Pierce differs* from this case in that it involved arbitrary legislative action, the rationale of *Pierce* nevertheless applies. Adjoining landowners were informed that before a permit would be issued to plaintiff for the operation of a landing field, they would receive notice and be afforded an opportunity to be heard. Instead, the planning director issued the certificate of occupancy without notice and hearing. When the adjoining landowners learned of the issuance of the certificate, they requested the board to review the planning director's determination. All of this occurred within 23 days after the certificate was issued. In these circumstances, it would be inherently unfair to deny the adjoining landowners a right of review where they had no knowledge of the action taken and acted promptly upon obtaining knowledge. To hold otherwise would leave the

adjoining landowners without redress against arbitrary administrative action of which they had no notice. *Pierce v. King County, supra.*

Second, plaintiff contends the purpose of the hearing before the Board of Adjustment was limited to an interpretation of the zoning ordinance. It is argued that when the board received and considered testimony concerning the landing of aircraft, it exceeded the notice and deprived plaintiff of due process.

▮  The purpose of the hearing is stated in the notice as follows:

> To determine whether or not an aircraft repair contractor's maintenance and repair building and landing strip would be an outright permitted use in accordance with § 4.04.110 of the zoning ordinance as previously determined by the Spokane County Planning Director.

The planning director interpreted the zoning ordinance to allow a landing field as a supporting use incident to "a contractor's maintenance, repair and processing building and storage yard" under section 4.04.110(b). The Board of Adjustment held this was an incorrect interpretation. This determination by the board was within the express terms of the notice of hearing. It is unnecessary to consider the offered testimony to reach this conclusion. Thus, we do not find the board's decision arbitrary or capricious or contrary to the zoning ordinance.[2] We cannot construe any of the provisions of section 4.04.110 to include the landing of aircraft. To do so would unduly stretch the provisions of the ordinance.

In view of this holding, it is unnecessary to reach the question of whether the board properly received testimony at the hearing.

Finally, plaintiff contends the court erred in determining that the "Order of the Spokane Board of Adjustment as affirmed has the effect of cancellation of a certificate of

[2]Further, plaintiff could not qualify for a conditional use permit under section 4.04.170(i) because he did not have a lot area of 40 acres as required by section 4.24.130.

occupancy erroneously issued to plaintiff-petitioner on May 22, 1969, as Certificate No. CO 139A to Pete's Aircraft Maintenance and Landing Field." We agree. When the court affirmed the board's decision, it affirmed the right of plaintiff to use the building for aircraft maintenance and repair. To the extent the quoted portion of the judgment destroys this right, the trial court erred.

This case is remanded for entry of judgment in accordance with this opinion. Each party shall bear his own costs.

MUNSON and FARRIS, JJ., concur.