[No. 75879-4. En Banc.]
Argued September 27, 2005.      Decided December 15, 2005.

CHEVRON U.S.A., INC., *Petitioner*, v. THE CENTRAL PUGET SOUND GROWTH MANAGEMENT HEARINGS BOARD ET AL., *Respondents*.

SNOHOMISH COUNTY, *Respondent*, v. THE CITY OF SHORELINE, *Respondent*, CHEVRON U.S.A., INC., *Petitioner*, THE CENTRAL PUGET SOUND GROWTH MANAGEMENT HEARINGS BOARD ET AL., *Respondents*.

*Michael P. Witek* (of *Helsell Fetterman, L.L.P.*) and *Jerret E. Sale* and *Deborah L. Carstens* (of *Bullivant Houser Bailey, P.C.*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Martha P. Lantz, Assistant; Scott M. Missall* and *Beth P. Gordie* (of *Short Cressman & Burgess, P.L.L.C.*); *Janice E. Ellis, Prosecuting Attorney for Snohomish County,* and *John R. Moffat, Deputy;* and *Ian R. Sievers, City Attorney for the City of Shoreline,* for respondents.

*Kristopher I. Tefft* on behalf of Association of Washington Business, amicus curiae.

*Daniel B. Heid* on behalf of Washington State Association of Municipal Attorneys, amicus curiae.

*Richard M. Stephens* and *Diana M. Kirchheim* on behalf of Washington Association of Realtors, amicus curiae.

¶1 C. JOHNSON, J. — This court is asked to determine if constitutional due process principles require individual notification to a landowner whose land is designated a potential annexation area under an adjacent town's comprehensive plan. The Court of Appeals held Chevron U.S.A., Inc.'s (Chevron) due process rights were not implicated here because the town of Woodway's comprehensive plan amendments do not infringe upon Chevron's property rights. We agree with the appellate court's reasoning and affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Point Wells is a 97-acre parcel of land owned exclusively by Chevron.[1] The land is entirely industrial and is located in the southwest corner of unincorporated

---

[1] Chevron sold the Point Wells property to Paramount Petroleum, Inc., in March 2005. Paramount is now Chevron's successor in interest.

Snohomish County, between the city of Shoreline and the town of Woodway. The city of Shoreline designated Point Wells as a potential annexation area (PAA) in 1998. Snohomish County Clerk's Papers (SCCP) at 320. The town of Woodway designated Point Wells as a PAA in 2001.[2] King County Clerk's Papers (KCCP) at 538. Both townships acted pursuant to the Growth Management Act (GMA), chapter 36.70A RCW.

¶3 Woodway published notice of a November 1, 2000 planning commission meeting in the *Everett Herald* on October 16, 2000. SCCP at 124. Woodway published a second notice in the *Everett Herald* on February 13, 2001, for a February 26, 2001 Woodway council public hearing. SCCP at 126. Both notices apprised the reader that the possible annexation of Point Wells would be discussed. In April 2001, Woodway adopted the 2001 amendments into its comprehensive plan, including Land Use Policy 19 which designates Point Wells as a PAA and authorizes Woodway to "[e]stablish land use control, development plan review and impact mitigation in the PAA through an interlocal agreement with Snohomish County." KCCP at 538.

¶4 Upon learning of Woodway's designation of Point Wells as a PAA, Shoreline petitioned the Central Puget Sound Growth Management Hearings Board (Board) to review the apparent conflict. SCCP at 207-13. Chevron intervened in Shoreline's petition, claiming that Woodway did not provide sufficient notice of the amendments.[3] SCCP at 368. Snohomish County intervened on behalf of

---

[2] The term "potential annexation area" is defined in the King County Countywide Planning Policy; however, the term is not defined in the Growth Management Act (GMA), chapter 36.70A RCW. Woodway uses the term under its ordinary meaning of an area of land that Woodway might annex.

[3] The issue presented to the Board regarding notice read, "Whether Woodway violated RCW 36.70A.140, RCW 36.70A.020(11) and RCW 36.70A.035(2)(a) by failing to provide for adequate public participation on the Plan amendments?" SCCP at 378. On appeal, Chevron argues its due process rights are implicated because the GMA's language requiring notice procedures to be "reasonably calculated to provide notice" is the same standard used by Washington courts to determine constitutional due process cases.

Woodway, arguing the two plans were not inconsistent with each other under the GMA. SCCP at 367-68. The Board found the plans incompatible and ordered Woodway to revise or repeal its comprehensive plan. The Board declined to reach the notice issue raised by Chevron in light of its finding. SCCP at 376-78.

¶5 Woodway and Snohomish County appealed the Board's decision to the Snohomish County Superior Court, which found the plans compatible under the GMA and remanded the case to the Board. SCCP at 6-7. Chevron appealed the Board's decision to the King County Superior Court which denied review, finding the Board's action in declining to rule on the issue of notice did not create an appealable issue. KCCP at 743. Chevron and Shoreline appealed the respective superior court decisions to Division One of the Court of Appeals. The Court of Appeals consolidated the cases and affirmed the Snohomish County Superior Court decision finding the two annexation plans compatible. However, the court held that Chevron's due process rights were not implicated nor was Chevron entitled to relief because it could not show substantial prejudice as a result of the Board's findings. *Chevron U.S.A., Inc. v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 123 Wn. App. 161, 93 P.3d 880 (2004). Shoreline did not appeal the compatibility issue. Chevron petitioned this court to review only the notice issue.

## ANALYSIS

■■■ ¶6 An appeal from a final board decision is governed by chapter 34.05 RCW, the Administrative Procedure Act. RCW 36.70A.300(5). On review, the burden of demonstrating the invalidity of agency action is on the party seeking review. The reviewing court will grant relief only if it determines that the party seeking relief has been substantially prejudiced by agency action. RCW 34.050.570 (1)(a), (d).

¶7 Chevron does not argue that the statutory notice given was inadequate. Woodway gave notice of the proposed

amendments as required by RCW 36.70A.035 and .140. The argument presented is that due process required Woodway to give individual notice to Chevron.

■ ■ ¶8 As the Court of Appeals noted, there are two notice provisions within the GMA. Under the first, local governments are required to provide for "early and continuous public participation in the development and amendment of comprehensive land use plans." RCW 36.70A.140. Under the second, notice must be "reasonably calculated to provide notice to property owners and other[s] affected . . . ." RCW 36.70A.035(1). Neither of these statutes specifically require individualized notice; however, publication in a newspaper of general circulation is listed as an example of reasonable notice. Woodway, by publishing notice of the proposed amendments in the *Everett Herald*, has complied with the explicit notice provisions of the GMA.

¶9 Chevron relies on two cases to support its contention that due process requires individual notice under certain circumstances. However, we agree with the Court of Appeals' finding that the cases principally relied upon by Chevron do not support Chevron's argument that individual notice was required here. In *Harris v. County of Riverside*, 904 F.2d 497 (9th Cir. 1990), the landowner operated an all terrain vehicle (ATV) rental business on his land. After notice of a meeting to amend the county's general plan was published in the newspaper, the county board of supervisors received a request from one of Harris' neighbors to specifically rezone Harris' land as residential, thereby eliminating the ATV business. The board rezoned the property without publishing additional notice of this amendment. The court laid out a two part test to determine if procedural due process rights applied: first, the decision must be the type of government action requiring due process; and second, the decision must deprive the party of a protected property interest. In answering the first part of the test, the court rejected a formalistic approach to legislative versus judicial classifications of government actions. Instead, the court looked at the general nature of the

amendment and found the rezoning amendment required due process because it exceptionally affected Harris as a single, identifiable individual. In answering the second part of the test, the court found the right of a landowner to use his land is a constitutionally protected right. Thus, Harris' loss of the commercial use of his land coupled with the singling out of only his land for rezoning implicated his constitutional due process rights.

¶10 In *Holbrook, Inc. v. Clark County*, 112 Wn. App. 354, 49 P.3d 142 (2002), an Olympia corporation purchased 75 acres of forested land for the purposes of logging and development. Two years later, 55 acres of Holbrook's land was rezoned by the county as forest resource land, frustrating Holbrook's development plans. Clark County had mailed notices to every county resident as well as provided news releases, a telephone hotline, a speaker's bureau, public workshops, fairs, open houses, and television and print advertisements. As a result, several property owners were able to have their land removed from the rezoning. The court held Holbrook was not entitled to individual notice because its land was not targeted nor was the impact on Holbrook unique or significantly greater than most other landowners. *Holbrook*, 112 Wn. App. at 366.

■ ■ ¶11 While these cases stand for the proposition that due process rights, including the right to individual notice, may be implicated when a property owner's land is uniquely targeted by the government and, as a result, the landowner's property rights are actually and significantly affected, they do not support Chevron's argument here. Although Chevron argues that its property was targeted by Woodway in the 2001 plan amendments, Chevron is unable to show how its property rights were actually affected. Chevron continues to use its land in the same manner it did prior to the 2001 plan amendments. As the Court of Appeals noted, Point Wells cannot be annexed without Chevron's consent. Chevron, therefore, can defeat any attempt by Woodway to annex the property. Chevron's property rights have not been affected. Without an actual effect on its

property rights, Chevron is unable to show substantial prejudice.

■ ■ ¶12 Chevron also argues it was entitled to individual notice under a local ordinance, which requires Woodway to post notice on the subject property of any proposed amendment.[4] We will not resolve that issue here as it was not raised before the Board nor is it necessary for resolution of this case.[5]

## ATTORNEY FEES

■ ¶13 Woodway first argues for an award of attorney fees under RAP 18.1(j). If attorney fees and expenses are awarded to a party at the appellate level, that party may be awarded attorney fees for timely filing an answer to a subsequent petition for review only if that petition is denied. RAP 18.1(j). Because Woodway was not awarded attorney fees at the appellate level and we accepted review of Chevron's petition, Woodway is not entitled to attorney fees under RAP 18.1(j).

■ ¶14 Woodway also argues for attorney fees under RAP 18.9(a) and/or RAP 10.7 based on Chevron's reply brief. RAP 18.9(a) allows for compensatory damages if one party fails to comply with the rules and the other party suffers damages as a result. RAP 10.7 allows the court to impose sanctions against a party who submits an improper brief. The only damage Woodway could be entitled to recover is the expense of preparing and filing the motion to strike.[6] Because the motion to strike is denied in part and a portion of Chevron's reply brief is accepted, Woodway's

---

[4] WOODWAY MUNICIPAL ORDINANCE 15.04.050(A)(2).

[5] The Court of Appeals declined to reach this issue for the same reason. However, the court also stated that even if Chevron had raised the issue before the Board, the Board would not have the jurisdiction, under the GMA, to resolve it. We find the appellate court's statement about jurisdiction to be dicta and decline to reach the issue of whether or not the Board has jurisdiction to determine if a town complied with the notice provisions of its own ordinance.

[6] A party may file a reply brief to the opposing party's answer to a petition for review only if the answer has raised new issues not addressed in the original petition. RAP 13.4(d). Here, the only new issue is Woodway's request for attorney

request for attorney fees under RAP 18.9(a) and/or RAP 10.7 is denied.

ALEXANDER, C.J., and MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

[No. 76425-5. En Banc.]
Argued October 25, 2005.     Decided December 15, 2005.

fees. To the extent that Chevron's reply brief addresses the issue of attorney fees, the reply brief is accepted. The remaining portions of the reply are stricken.