[No. 2665–2. Division Two. May 26, 1978.]

GEORGE NORMAN STRITZEL, ET AL, *Appellants,* v. HELEN MARIE SMITH, ET AL, *Respondents.*

*Evan E. Sperline, Lowell Sperline,* and *Sperline & Sperline,* for appellants.

*Gary T. Chrey* and *Shiers & Kamps,* for respondents.

REED, J.—Plaintiff George Norman Stritzel brought suit to quiet title to certain property in Kitsap County and to set aside tax sale deeds to the property. He appeals from a summary judgment in favor of defendant Helen Smith. We agree with plaintiff's contentions and reverse.

In 1955, George Norman Stritzel purchased two parcels of land, approximately 40 acres each, under the name of George Norman. He did not pay taxes for the years 1968 through 1972. Kitsap County foreclosed its tax liens and notices of sale were posted on November 7, 1973. The property was sold to Mrs. Smith 9 days later, on November 16. Throughout the foreclosure and sale proceedings the property was described as follows:

342501–3–002–1000  George Norman,  $157.94
NW 1/4 SW 1/4
342501–3–003–1009  George Norman,  157.94
SW 1/4 SW 1/4

Mr. Stritzel commenced this action to set aside the tax foreclosure deeds and quiet title to the property. Mrs. Smith sued Kitsap County as a third–party defendant. On motions for summary judgment, the trial court granted Mrs. Smith's motion against Mr. Stritzel and granted Kitsap County's motion against Mrs. Smith.[1]

Mr. Stritzel raises two issues on appeal. He first argues that the description used in the foreclosure and sale proceedings was legally insufficient. His second claim is that 9 days' posting of the notices of tax sale does not satisfy the

---

[1]Mrs. Smith has not appealed from the court's granting of summary judgment in favor of Kitsap County on her third–party complaint, so we need not address the correctness of that ruling.

10–day posting requirement of RCW 84.64.080. We agree with both contentions.

■ The general rule is that the property must be identified and described with reasonable certainty, so that a person of ordinary intelligence can, from an examination of the foreclosure proceedings, locate the property. *Centralia v. Miller,* 31 Wn.2d 417, 197 P.2d 244 (1948); *Wingard v. Pierce County,* 23 Wn.2d 296, 160 P.2d 1009 (1945); *Napier v. Runkel,* 9 Wn.2d 246, 114 P.2d 534, 137 A.L.R. 175 (1941). In this case, the description does not identify the section, township, range or number of acres. To a person of ordinary intelligence, the description would appear to be a meaningless jumble of numbers. *See, e.g., Burton v. Hoover,* 93 Utah 498, 74 P.2d 652 (1937); *Knudson v. Curley,* 30 Minn. 433, 15 N.W. 873 (1883).

Sufficiency of the property description is a jurisdictional matter. A tax foreclosure is an in rem proceeding and a legally adequate description is a prerequisite to the court's acquisition of jurisdiction over the res. *McMurren v. Miller,* 158 Wash. 284, 290 P. 879 (1930). The tax deeds acquired by Mrs. Smith are void because the court in the foreclosure proceeding lacked jurisdiction over the property.

■ We also find merit in plaintiff's contention that the posting requirement of RCW 84.64.080[2] was not satisfied. It is undisputed that the notices were posted for only 9 days; the trial court, however, ruled that the posting requirement had been substantially satisfied by such notice and upheld the sale. We feel the trial court's reliance on *Cinebar Coal & Coke Co. v. Robinson,* 1 Wn.2d 620, 97 P.2d 128 (1939) was unjustified. In *Cinebar,* the court held that the filing of a duplicate original of the order of sale

---

[2]RCW 84.64.080 provides in part: "All sales shall be made at such place on county property as the board of county commissioners may direct on Friday between the hours of 9 o'clock in the morning and 4 o'clock in the afternoon, and shall continue from day to day (Saturdays and Sundays excepted) during the same hours until all lots or tracts are sold, *after first giving notice of the time, and place where such sale is to take place for ten days successively by posting notice thereof in three public places in the county, . . .*" (Italics ours.)

substantially complied with the provision of RCW 84.64.080 which requires a certified copy of the order to be filed with the county treasurer. Here, we are not dealing with mere bookkeeping details; rather, we are concerned with the very power of the court to conduct a tax sale. As we stated in *Pierce County v. Evans,* 17 Wn. App. 201, 204, 563 P.2d 1263 (1977):

> [F]ailure to comply with statutory provisions relating to the content and manner of notice in proceedings to collect delinquent taxes leaves the court without jurisdiction over the tax foreclosure proceeding and renders void any foreclosure sale and tax deed issued pursuant thereto;
> . . .

We hold that strict compliance with the posting requirement of RCW 84.64.080 is essential. *See March v. Banus,* 395 Pa. 629, 151 A.2d 612 (1959); *Ward v. Walters,* 63 Wis. 39, 22 N.W. 844 (1885). The posting requirement is designed to protect the rights of the landowner in two ways. First, it assures that prospective purchasers are aware of the impending sale. This enhances the likelihood that a reasonable price will be bid for the property. RCW 84.64-.080 guarantees the record owner a refund of any money bid in excess of the tax lien. Thus, it is in the owner's interest to have as many bidders as possible present at the sale. Second, it guarantees the owner a reasonable opportunity to redeem his property before the sale. To permit the county to post for fewer than 10 days would deprive property owners of a substantial right. This we cannot condone.

For the above reasons, the judgment of the Superior Court is reversed, and the case is remanded for entry of judgment in favor of Mr. Stritzel.

PEARSON, C.J., and PETRIE, J., concur.