990 P.2d 405 (1999)
98 Wash.App. 275
James PREKEGES and Citizens for a Happy Valley, Appellants,
v.
KING COUNTY, U.S. West Wireless, and Gene Lindemoen, Respondents.
No. 41974-9-I.
Court of Appeals of Washington, Division 1.
August 30, 1999.
As Amended on Denial of Reconsideration December 13, 1999.
*407 Barry G. Ziker, Amy C. Hevly, Eric D. Lowney, Seattle, WA, for Appellants.
Anne F. Ackenhusen, Peter G. Ramels, Seattle, WA, for Respondents.
*406 BECKER, J.
The appellant petitioned for judicial review of a King County land use decision after missing the deadline for appealing to a hearing examiner. Because he actually saw notice of the project application, the defects in public notice of the application do not excuse him from the duty to exhaust administrative remedies. And he did not become entitled to mailed notice of the decision by leaving a voice mail message with the county. The trial court correctly dismissed his petition.
U.S. West Wireless applied to King County for a conditional use permit to construct a 123 foot tall telecommunications monopole in Redmond. King County's Department of Development and Environmental Services (DDES) determined the application to be complete on July 23, 1997. The King County Code (KCC) required mailing of a notice of the application to all property owners located within 500 feet of the project site; publication of the notice in two newspapers; and public posting of the notice on the site within 14 days of the determination of completion. KCC 20.20.060. In this case, publication and posting of U.S. West's application notice fell short of the code requirements. Legal notices of the proposed monopole project appeared in only one newspaper and the on-site posting was a week late.
James Prekeges did not receive mailed notice of the application because he lived further than 500 feet from the project site. He found out about the project on August 19, when he drove by the site and saw the posted notice. The notice referred to a 21-day comment period, ending August 27. Prekeges immediately called King County and had a conversation with Paul Wozniak, a planner assigned to write a State Environmental Policy Act report for the project. Wozniak had previously received written comments submitted by Prekeges, on behalf of Citizens for a Happy Valley, in opposition to an earlier tower application in Happy Valley. Wozniak told Prekeges he could come by any morning to review U.S. West's application.
Prekeges came to Wozniak's office on the afternoon of August 26. He found Wozniak had left the office, and the application file was unavailable. The office manager told Prekeges he could make an appointment to review the file on September 3. Prekeges *408 accepted the appointment and left a voice mail message for Wozniak. In the message Prekeges expressed his concern about not having access to the file and asked to have the comment period extended. He said if Wozniak could not extend the comment deadline or give him immediate access to the file, he was willing "to submit timely comments" that would be substantially identical to his comments on the previous tower application. Wozniak returned the call later that day. He left a voice mail message for Prekeges stating that by law, the comment period could not be extended. Wozniak mentioned, however, that he was "probably three weeks away" from reviewing the U.S. West application file and that Prekeges was welcome to get his comments in "any time during the permit processing time."
Prekeges went back to the office to review the file on September 3. On September 12, he submitted written comments objecting to the tower. Meanwhile, unknown to Prekeges, Wozniak had already finished his own review. On September 9, based on Wozniak's report, DDES issued a Determination of Nonsignificance for the project and a Report and Decision approving a Use Permit. Public notice of this decision through publication and posting was in full compliance with code requirements. The decision triggered a 14-day period for appeal to a hearing examiner. The appeal deadline was September 23. Prekeges did not learn of the decision until September 30, when he happened to see a notice of decision posted at the site. The notice included the procedures and deadline for appeal.
Although the deadline for appeal had passed, Prekeges filed a notice of appeal to the hearing examiner on October 7, with supporting documents. The County sent the materials back to Prekeges upon determining that his appeal was untimely. KCC 20.24.090 provides that an appellant's failure to timely file a notice of appeal deprives the hearing examiner of jurisdiction to consider the appeal.
On October 20, Prekeges brought a petition for judicial review under the Land Use Petition Act (LUPA), RCW 36.70C. A LUPA petitioner has standing to bring a land use petition only if the petitioner "has exhausted his or her administrative remedies to the extent required by law." RCW 36.70C.060(2)(d). The court dismissed the action upon concluding that Prekeges had inexcusably failed to exhaust his administrative remedy of an appeal to the hearing examiner. Prekeges appeals from the order of dismissal.

DEFICIENCY IN PUBLIC NOTICE
Prekeges contends that U.S. West's permit must be set aside due to the lack of strict compliance with the code requirements for publication and posting of the notice of application for a permit. He relies on Stritzel v. Smith, 20 Wash.App. 218, 220-21, 579 P.2d 404 (1978), an action brought by a landowner whose land had been sold at a tax sale. This court ordered the tax foreclosure deeds set aside because there had been only nine days' posting of public notice of the tax sale, not ten days as required by the tax sale statute. We held in Stritzel that strict compliance with the posting requirement was necessary to protect the landowner's interest in having as many bidders at the sale as possible, and to guarantee him a fixed number of days to redeem the property before the sale. Stritzel, 20 Wash.App. at 221, 579 P.2d 404.
Because of the different context in which it arose, Stritzel does not govern the present action. Prekeges is a citizen seeking to set aside a land use decision, not a landowner seeking to set aside a tax sale. Under LUPA, Prekeges cannot ask a court to set aside the land use decision because he did not exhaust his administrative remedies.
In some situations, notice defects will excuse the duty to exhaust administrative remedies. Where notice of an administrative decision is "integral to the process of invoking appellate jurisdiction," the appeal period does not begin to run until the statutory notice is given. Leson v. Department of Ecology, 59 Wash.App. 407, 410, 799 P.2d 268 (1990); Felida Neighborhood Assn. v. Clark County, 81 Wash.App. 155, 161, 913 P.2d 823, review denied, 129 Wash.2d 1028, 922 P.2d 98 (1996). Prekeges argues this principle should be applied to toll the period for appealing *409 the permit decision to the hearing examiner until the county publishes and posts public notice of the application in strict compliance with the code.
U.S. West and the County argue that public notice of the application was in substantial compliance with the code, as demonstrated by the fact that notice actually reached Prekeges. Despite a week's delay in posting, and the appearance of the notice in only one newspaper, Prekeges knew about the pending application and comment period when he saw the posted notice on August 19.
The key to achieving substantial compliance with a procedural statute is the satisfaction of the substance essential to the purpose of the statute. Crosby v. County of Spokane, 137 Wash.2d 296, 301, 971 P.2d 32 (1999); Allen v. Public Utility Dist. No. 1 of Thurston County, 55 Wash.2d 226, 233, 347 P.2d 539 (1959). One purpose of specific statutory requirements for public notice of an impending land use decision is to ensure that the decision makers receive enough information from those who may be affected by the action to make an intelligent decision. See Glaspey & Sons, Inc. v. Conrad, 83 Wash.2d 707, 711-12, 521 P.2d 1173 (1974). Where a legislative body has set minimum public notice requirements consisting of publication in two newspapers and posting for three weeks in order to achieve that purpose, a court does not have the discretion to decide that some lesser quantum of noticelike publication in one newspaper or posting for only two weekssubstantially complies.
But the consequences of incomplete public notice of an application do not necessarily include a general extension of the deadline for appealing a permit decision made later on in the administrative process. The failure to file a timely appeal of a land use decision has been excused where the lack of public notice deprived a neighboring landowner of a fair opportunity to participate in the administrative process. Gardner v. Pierce County Board of Commissioners, 27 Wash.App. 241, 243-44, 617 P.2d 743 (1980). In contrast to the situation in Gardner, Prekeges had actual notice of the application, and there was no flaw in public notice of the decision itself. Because Prekeges had a fair opportunity to participate in the administrative process, the defects in public notice of the application do not excuse his failure to file a timely administrative appeal.

SUBMISSION OF COMMENTS AS A CONDITION FOR PERSONAL NOTICE
Prekeges also contends he is not bound by the September 23 appeal deadline because the County did not mail him individual notice of the permit decision. He contends he was entitled to mailed notice as a person who submitted comments prior to the September 9 DDES decision.
A local government "shall" give notice of a land use decision to the applicant and to any person who, before the rendering of the decision, requested notice of the decision or "submitted substantive comments on the application." RCW 36.70B.130. King County "shall" give notice of a land use decision to any person who, before the decision, requested notice of it or "submitted comments." KCC 20.20.090. Prekeges did not request notice of the county's decision on U.S. West's application and he did not submit his written comments until after the decision was rendered. He contends he "submitted comments" when he left the voice mail message prior to the decision.
In interpreting a statute, we do not construe unambiguous language. Whatcom County v. Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996). An ambiguity exists if the language at issue is susceptible to more than one reasonable interpretation. State ex rel. Royal v. Board of Yakima County Commissioners, 123 Wash.2d 451, 459, 869 P.2d 56 (1994). Because the plain meaning of the statutory phrase, "submitted comments", does not necessarily include leaving a voice mail message, the phrase is ambiguous. See, e.g., Baker v. Tri-Mountain Resources, Inc., 94 Wash.App. 849, 973 P.2d 1078, 1081 (1999).
In construing ambiguous statutory language, we must strive to avoid unlikely, absurd or strained consequences. See Whatcom County v. Bellingham, 128 Wash.2d at *410 546, 909 P.2d 1303. A duty to mail notice of a decision to any person who comments orally on an application would be virtually unmanageable, and would generate incessant litigation. Any telephone conversation or informal over-the-counter remark to an employee of the County could be a comment triggering the duty to give personal notice. It is unlikely that a legislative body would intend to create such an open-ended rule for defining entitlement to personal notice.
Also, great weight is placed upon the interpretation given by the administrative agency charged with the administration and enforcement of the ambiguous statute. Hama Hama Co. v. Shorelines Hearings Board, 85 Wash.2d 441, 448, 536 P.2d 157 (1975). The Department of Development and Environmental Services, the agency charged with administering land use appeals in King County, construes the ordinance at issue as requiring written comments. Their "Notice of Application" form states, "Written comments on this application must be submitted to DDES at the address below."
We hold that for purposes of obtaining a right to personal notice as one who has "submitted comments," a person must submit the comments in writing. Prekeges' voice mail message did not obligate the County to mail him a notice of the decision.
The King County code also provides for mailed notice of a proposed project to be sent to "any agency or community group which the department may identify as having an interest in the proposal". KCC 20.20.060(G)(5). According to Prekeges, this provision obligated the County to send individual notice of the application to Citizens for a Happy Valley because Wozniak knew it was a group interested in communications towers. But the provision makes identification of interested groups discretionary with the Department. It does not create an enforceable right to notice sent by mail.
Prekeges asked the superior court to hold that the appeal period should be equitably tolled by the office manager's alleged refusal to give him access to the application file the day before the comment deadline, and by Wozniak's message inviting him to submit comments after the comment deadline. Assuming that a failure to exhaust administrative remedies can be cured through the application of equity, equity cannot be invoked in the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff. See Douchette v. Bethel School Dist., 117 Wash.2d 805, 811, 818 P.2d 1362 (1991). Here, neither is present. Prekeges did not try to see the file until the last day of the comment period. Even then, he could have assured himself of individual notice of the project decision simply by requesting it. KCC 20.20.090. Wozniak expressed his willingness to consider comments submitted after the end of the official comment period as long as he was continuing to work on the file, but his message evinced no intent to mislead Prekeges into thinking that a belated submission of comments would legally entitle him to receive personal notice of the decision.
In summary, Prekeges received all the notice of the permit process he was personally entitled to receive. Because he did not file a timely administrative appeal, there is no land use decision subject to review in a LUPA petition. See Ward v. Board of Commissioners of Skagit County, 86 Wash.App. 266, 272, 936 P.2d 42 (1997). His lack of standing under LUPA precludes judicial review of the department's decision to grant the permit. The trial court correctly dismissed his LUPA petition.
The trial court also correctly dismissed Prekeges' petition for a constitutional writ. A constitutional writ is not available when the petitioner's own delay causes the loss of the opportunity for a direct appeal. San Juan Fidalgo Holding Co. v. Skagit County, 87 Wash.App. 703, 943 P.2d 341 (1997), review denied, 135 Wash.2d 1008, 959 P.2d 127 (1998).
U.S. West has requested an award of reasonable attorneys' fees and costs as the prevailing party on appeal as mandated by RCW 4.84.370 for a party in a land use matter who has prevailed in all prior judicial proceedings. That request is granted. In pertinent part, the statute provides:

*411 (1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:
(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline[s] hearings board; and
(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.
All of the necessary elements are met.
First, U.S. West is a "prevailing party on appeal before the court of appeals."
Second, the case on appeal must be an appeal of a local land use decision. This requirement is satisfied because in his appeal to this court, Prekeges sought to invalidate the DDES decision to issue the conditional use permit. The statute does not require that the local land use decision referred to in subsection (1) be a decision made by an appellate tribunal.
Third, U.S. West must show that it was the "prevailing party before the county". Prekeges argues that U.S. West did not prevail before King County because the hearing examiner rejected his attempted appeal on timeliness grounds without adjudicating it. Prekeges contends that a party cannot be a prevailing party under the statute unless it has defended its position on the merits against an opponent in an adversarial proceeding, citing Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 601, 972 P.2d 470 (1999). We disagree. The statute does not require that the party must have prevailed on the merits. See San Juan Fidalgo v. Skagit County, 87 Wash.App. 703, 943 P.2d 341 (1997), review denied, 135 Wash.2d 1008, 959 P.2d 127 (1998) (party prevailed in superior court when court dismissed opponent's LUPA petition for failure to achieve timely service). Because U.S. West benefited from the hearing examiner's decision rejecting Prekeges' appeal, and has incurred attorney fees defending that decision in this court against Prekeges' efforts to reinstate his appeal, we hold U.S. West prevailed before King County.
Fourth, U.S. West must show that it was the prevailing party in "all prior judicial proceedings." The only prior judicial proceeding resulted in the superior court's decision to dismiss Prekeges' petition for judicial review and writ for failure to exhaust administrative remedies. This decision too was made on procedural grounds rather than on the merits, and Prekeges again argues that there is no prevailing party where a decision has not been rendered on the merits. As discussed above, we reject this argument and follow the result reached in San Juan Fidalgo.
Affirmed.
GROSSE, J., and ELLINGTON, J., concur.