IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| PROSSER HILL COALITION, LISA WATTS-MCKEE, DANIEL SPISAK, JACQUELYN OLSON, JACK WILCOX, TOM WITFIELD, JANICE WHITFIELD, ROBERT HEINEMANN, MELANIE ZIMMERMAN, ROY WILSON, STEVE BIRD, RANDY SUNDERLAND, RICK OLSON, and CINDY PHILLIPS, | No. 302415-III |
| Respondents, Cross-Appellants, | PUBLISHED OPINION |
| v. | |
| COUNTY OF SPOKANE, SILVERBIRD LLC, and DENNIS P. REED, DENNIS E. and DAWNA REED, husband and wife, | |
| Appellants. | |

BROWN, J. — After a public hearing before a county examiner, Spokane County approved a conditional use permit (CUP) for a private airstrip requested by Silverbird LLC, Dennis P. Reed, Dennis E. Reed and Dawna Reed (collectively Silverbird). But based on insufficient public notice under the Spokane County Code (SCC), the superior

No. 30241-5-III
*Prosser Hill Coalition, et al. v. County of Spokane, et al.*

court, reviewing under chapter 36.70C RCW, the Land Use Petition Act (LUPA), remanded for a new hearing. Petitioners are a coalition of neighbors: Prosser Hill Coalition, Lisa Watts-McKee, Daniel Spisak, Jacquelyn Olson, Jack Wilcox, Tom Whitfield, Janice Whitefield, Robert Heinemann, Melanie Zimmerman, Roy Wilson, Steve Baird, Randy Sunderland, Rick Olson, and Cindy Phillips (collectively the Coalition). The County and Silverbird jointly appeal, contending the superior court's remand decision was error. We disagree, and additionally reject Silverbird's other contentions that we dismiss because the Coalition failed to properly name the property owners as parties and failed to issue a summons with their land use petition. We reject the Coalition's cross appeal that the superior court erred in denying its cost bill request. Accordingly, we affirm.

## FACTS

On November 24, 2009, Silverbird submitted a CUP application to the County to construct a private airstrip with a 2,500-foot long by 250-foot wide runway area. The airstrip would extend across the southern portion of two parcels owned by Dennis E. and Dawna Reed. Silverbird proposed the development of a series of high-end houses and the permanent occupancy of the site by 15 aircraft. The site and the neighboring lands are designated Rural Traditional in the County's comprehensive plan.

On October 12, 2010, Silverbird mailed hearing notices to property owners within 400 feet of the site. Silverbird was required to post a notice of hearing sign "on the site along the most heavily traveled street lying adjacent to the site." Spokane County Code

2

(SCC) 13.700.106(2)(b). The site, however, does not abut a street. The two nearest public roads are Cheney-Spokane and Jensen. The site is closest to Cheney-Spokane, which is paved and a major thoroughfare. Silverbird, however, posted its notice sign on Jensen Road, which is a dirt road that leads to Dennis E. and Dawna Reed's property. Additionally, the hearing notices erroneously state the site is located "north and west of Jensen Road." Board Record (BR) at 205-06. The site is actually north and west of Cheney-Spokane Road. The hearing examiner denied the neighbors' request for a continuance to correct the notice deficiencies and ruled the notice requirements were met.[1]

During the CUP application hearing, several neighbors testified to their concerns over noise, elevated accident potential, threats to safety, and degraded property values. The hearing examiner granted the CUP on December 17, 2010, with conditions.

The Coalition then filed a LUPA petition in the superior court, challenging the hearing examiner's decision. The petition identified in its header the respondents as Spokane County, Silverbird LLC, and Dennis P. Reed. The body of the LUPA petition identified Dennis P. Reed's parents, Dennis E. and Dawna Reed, as owners of the property as well. Copies of the LUPA petition were served on Spokane County, Dennis

---

[1] The parties dispute whether the notice sign posted on Jensen Road contained an incorrect property description. At this court's request, the parties supplemented the record to address this contention. Based on RAP 9.10, we accept the parties' supplemental materials and deny Silverbird's post-oral argument motion to strike but note that we are not permitted, and do not, engage in improper fact finding to the extent contemplated by Silverbird.

P. Reed, Dennis E. and Dawna Reed; but, the petition was not accompanied by a summons.

Recognizing its error, the Coalition moved to amend the caption on January 19, 2011. Silverbird countered by filing a motion to dismiss the LUPA petition. The court granted the motion to amend the caption and denied the motion to dismiss.

Following a LUPA hearing, the trial court found that Silverbird erroneously placed the notice sign on Jensen Road rather than the Cheney-Spokane Road, and listed an inaccurate description of the property subject to the CUP application on the notices. The court found these errors did not amount to harmless error. The court ordered the matter remanded for a new hearing with appropriate public notice. The court declined to rule on any of the substantive issues. The court denied the Coalition's cost bill, ruling the Coalition was not a prevailing party because the court remanded versus ruling on the merits of the matter.

Silverbird appealed the court's orders denying the motion to dismiss, granting the motion to amend the caption, and the remand order. The Coalition cross appealed the court's cost bill denial.

ANALYSIS

A. LUPA Petition Sufficiency

The issue is whether the trial court erred in denying Silverbird's motion to dismiss the Coalition's LUPA petition and allowing the Coalition to amend its caption. Silverbird contends the amendment rendered the petition untimely. Silverbird contends the matter

4

should have been dismissed because service was deficient because a summons did not accompany the petition.

We review an order regarding a motion to dismiss for manifest abuse of discretion. *Escude v. King County Public Hosp. Dist. No. 2*, 117 Wn. App. 183, 190, 69 P.3d 895 (2003). Likewise, we review the denial of a motion to amend for abuse of discretion. *Karlberg v. Otten*, 167 Wn. App. 522, 529, 280 P.3d 1123 (2012). Abuse occurs when the ruling is manifestly unreasonable or discretion was exercised on untenable grounds. *Id.*

A superior court hearing a LUPA petition acts in an appellate capacity with the jurisdiction conferred by law. *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005). "[B]efore a superior court may exercise its appellate jurisdiction, statutory procedural requirements must be satisfied. A court lacking jurisdiction must enter an order of dismissal." *Id.* RCW 36.70C.040(2)(b)(ii) states, "a land use petition is barred, and the court may not grant review, unless the petition is timely filed . . . and timely served on the following persons who shall be parties to the review of the land use petition . . . [e]ach person identified by name and address in the local jurisdiction's written decision as an owner of the property at issue."

In *Quality Rock Prods., Inc. v. Thurston County*, 126 Wn. App. 250, 265-66, 108 P.3d 805 (2005), Division Two of this court held that where service is otherwise proper under the civil rules, a party's failure to include the name of a necessary party in the caption does not divest the superior court of jurisdiction absent demonstrated prejudice.

5

In *Quality Rock*, other than omitting the necessary party in the petition's caption, the party complied with the procedural requirements necessary to invoke the superior court's appellate jurisdiction. *Id.* at 271-72.

*Quality Rock* is persuasive. The Coalition's petition listed in its caption the respondents as Spokane County, Silverbird LLC, and Dennis P. Reed. The body of the LUPA petition, however, identified Dennis P. Reed's parents, Dennis E. and Dawna Reed, as owners of the property in question. Copies of the LUPA petition were served on Spokane County, Dennis P. Reed, Dennis E. and Dawna Reed; however, the petition was not accompanied by a summons. Because Dennis E. Reed and Dawna Reed were notified of the LUPA petition and they participated in the County proceedings, Silverbird cannot establish prejudice resulting from the caption amendment. Following *Quality Rock*, the Coalition's failure to include Dennis P, Reed's parents' names in the caption does not divest the superior court of jurisdiction. The Coalition complied with the procedural requirements necessary to invoke the superior court's appellate jurisdiction. *Id.* at 271-72.

Silverbird contends the petition should be dismissed because the date of the amendment was over 21 days from the date of the land use decision. *See* RCW 36.70C.040(3) (a petition is timely if filed and served within 21 days of the land use decision). But, CR 15(c) provides that an, "amendment relates back to the date of the original pleading." Accordingly, the Coalition's subsequent amendment did not render the petition untimely.

6

Silverbird next urges us to adopt a requirement that a summons must accompany the filing of a LUPA petition. Specifically, Silverbird contends LUPA and the civil rules require a summons be filed to grant the court jurisdiction and that the failure to file a summons is grounds for dismissal.

As discussed above, RCW 36.70C.040 sets forth the procedure for commencing review under LUPA, stating in part, "A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served on the [listed] persons." Regarding service, the statute states, "Service on the local jurisdiction must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process. Service on other parties must be in accordance with the superior court civil rules or by first-class mail." RCW 36.70C.040(5).

In interpreting a statute, it is our fundamental duty to ascertain and implement the legislature's intent. *United States Tobacco Sales & Mktg. Co. v. Dep't of Revenue*, 96 Wn. App. 932, 938, 982 P.2d 652 (1999). A court must give meaning to every word and interpret the statute as written. *Enter. Leasing, Inc. v. City of Tacoma Fin. Dep't*, 139 Wn.2d 546, 552, 988 P.2d 961 (1999). If two provisions conflict, courts must give preference to the most specific statute. *Bowles v. Wash. Dep't of Ret. Sys.*, 121 Wn.2d 52, 78, 847 P.2d 440 (1993).

LUPA alone governs judicial review of land use decisions. *Benchmark Land Co. v. City of Battle Ground*, 146 Wn.2d 685, 693, 49 P.3d 860 (2002). "[T]he plain

language of the . . . LUPA provisions governs." *Mellish v. Frog Mountain Pet Care*, 154 Wn. App. 395, 405, 225 P.3d 439 (2010). Nothing in LUPA requires the filing of a summons. Indeed, the purpose of a summons is to give notice and provide an opportunity to answer. *Sprincin King St. Partners v. Sound Conditioning Club, Inc.*, 84 Wn. App. 56, 60, 925 P.2d 217 (1996). As discussed in *Quality Rock*, "CR 4(b)'s directive that the summons provide notice and warn of potential default can be inapplicable in the LUPA context." 126 Wn. App. at 265. The court further noted that although the timing and service requirements are jurisdictional, the failure to strictly comply with the procedures of the civil rules will not invalidate a LUPA proceeding. *Id.* at 271. While courts have strictly construed the timing and parties that must be served in a LUPA proceeding, the courts have not elevated other procedural requirements to a "jurisdictional threshold." *Id.*

Here, the LUPA petition was filed with the county's auditor's office and surrounding neighbors by first class mail as prescribed by RCW 36.70C.040(5). This sufficiently invoked the court's jurisdiction. Silverbird's argument that a summons must accompany the petition is not supported by law. We are not persuaded to extend the summons requirement here.

### B. Improper Notice

The issue is whether the trial court erred in remanding the matter to the hearing examiner based on improper notice. Silverbird contends notice was sufficient to provide the neighboring property owners an opportunity to be heard.

RCW 36.70C.140 outlines three possible responses for a reviewing court when considering a hearing examiner's decision: "The court may affirm or reverse the land use decision under review or remand it for modification or further proceedings." "When reviewing a superior court's decision on a land use petition, the appellate court stands in the shoes of the superior court." *Citizens to Pres. Pioneer Park, LLC v. City of Mercer Island*, 106 Wn. App. 461, 470, 24 P.3d 1079 (2001). In the context of administrative review, the court of appeals reviews the administrative agency action, not the superior court record. *J.L. Storedahl & Sons, Inc. v. Cowlitz County*, 125 Wn. App. 1, 6, 103 P.3d 802 (2004). This standard applies with equal force in the context of a LUPA decision. *Wellington River Hollow, LLC v. King County*, 121 Wn. App. 224, 230, 54 P.3d 213 (2002).

The SCC sets the procedure for review of project permits in Spokane County. Regarding notice, SCC 13.700.106(2)(b) requires an applicant to post a notice of hearing sign "on the site along the most heavily traveled street lying adjacent to the site." Additionally, SCC 13.700.106(2)(a) and (c) requires neighboring property owners to receive written notice and for notice to be published in the newspaper. This notice must contain the, "project location, vicinity and address and parcel number, if applicable." SCC 13.70.104(5).

We review statutory interpretation questions de novo. *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 497, 210 P.3d 308 (2009). We discern plain meaning from the ordinary meaning of the language at issue, the context of the statute

9

in which that provision is found, related provisions, and the statutory scheme as a "whole." *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009).

Here, the proposed airstrip is not adjacent to a road; however, the two nearest roads are Spokane-Cheney, a paved, thoroughfare in the area; and Jensen, a dirt road that leads to a long driveway that services Dennis E. and Dawna Reed's property. SCC 13.700.106(2)(b) states that notice must be posted "along the most heavily traveled street." We give effect to a statute's plain meaning. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). The plain meaning of most heavily traveled would be a paved, thoroughfare instead of a dirt road leading to a private residence. Moreover, SCC 13.700.106(2)(a) and (c) requires neighbors to receive written notice and the public to receive notice via the newspaper. Both of these methods of notice erroneously state that the site is located "north and west of Jensen Road." BR at 205-06. The site is actually north and west of Cheney-Spokane Road.

While the hearing examiner ruled the notice requirements were met because nothing indicated neighboring property owners were confused or did not receive notice, it is difficult to measure the impact the faulty notice had on concerned individuals. In other words, it is difficult to prove a negative. "One purpose of specific statutory requirements for public notice of an impending land use decision is to ensure that the decision makers receive enough information from those who may be affected by the action to make an intelligent decision." *Prekeges v. King County*, 98 Wn. App. 275,

10

281, 990 P.2d 405 (1999). The defective notice undermines the information-gathering process.

By comparison, in *Stritzel v. Smith*, 20 Wn. App. 218, 220-21, 579 P.2d 404 (1978), a landowner brought an action to reclaim land that had been sold at a tax sale. The court ordered the tax foreclosure deeds set aside because there had been only 9 days' posting of public notice of the tax sale, not 10 days as required by the tax sale statute. The court held in *Stritzel* that strict compliance with the posting requirement was necessary to protect the landowner's interest in having as many bidders at the sale as possible, and to guarantee him a fixed number of days to redeem the property before the sale. *Stritzel*, 20 Wn. App. at 221.

A neighboring landowner should be afforded a fair opportunity to be heard. *See Gardner v. Pierce County Board of Commissioners*, 27 Wn. App. 241, 243-44, 617 P.2d 743 (1980) (court tolled the time period to appeal a land use decision when the lack of public notice deprived a neighboring landowner of a fair opportunity to be heard). Even applying the lesser standard of substantial compliance, "[t]he key to achieving substantial compliance with a procedural statute is the satisfaction of the substance essential to the purpose of the statute." *Prekeges*, 98 Wn. App. at 280. Posting a sign contrary to the municipalities' placement requirement and to provide notice with the wrong property description is not within the substantial compliance standard.

In sum, because the notice sign was not posted near the required street and notice did not contain the correct property description, as required by the clear language

11

of SCC 13.70.104(5) and SCC 13.700.106(2)(b), the trial court did not err in remanding the matter to the hearing examiner.

### C. Conditional Use Permit

Silverbird contends the CUP was properly granted while the Coalition contends the hearing examiner failed to consider noise, safety risks, and impacts to property value when granting the CUP. The trial court did not reach these issues, and neither do we. Based on the disposition above (affirming the court's remand for proper notice and hearing), any discussion by this court regarding the substantive issues would amount to an advisory opinion, which is disfavored by courts. *State v. Norby*, 122 Wn.2d 258, 269, 858 P.2d 210 (1993). Moreover, the trial court did not rule on the substantive issues. Under RCW 36.70C.040(1), the LUPA appellate process requires review first by the superior court. Thus, it would be premature for us to rule on the substantive issues.

### D. Costs and Attorney Fees

On cross review, the Coalition contends it was the prevailing party below and should have been awarded costs under RCW 4.84.030.

We review a decision to award or deny costs for an abuse of discretion. *Highland Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 312, 202 P.3d 1024 (2009). "Discretion is abused when it is exercised on untenable grounds or for untenable reasons." *Id.* Under RCW 4.84.030, "[i]n any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements." "[T]he determination of who is a prevailing party depends upon who is the substantially

12

No. 30241-5-III
*Prosser Hill Coalition, et al. v. County of Spokane, et al.*

prevailing party, and this question depends upon the extent of the relief afforded the parties." *Riss v. Angel*, 131 Wn.2d 612, 634, 934 P.2d 669 (1997).

The superior court remanded on a procedural defect. While the Coalition pointed out the deficiency in its LUPA petition, the remand did not provide its affirmative relief. By comparison, in *Ennis v. Ring*, 56 Wn.2d 465, 473, 341 P.2d 885 (1959), a case involving the denial of costs after an appeal court ordered a retrial, the court held, "In the event of a retrial the determination of who is the prevailing party must await the outcome of the second trial." Because the Coalition is not the substantially prevailing party, the superior court properly denied its request for costs.

Both Silverbird and the Coalition request attorney fees on appeal in their reply briefs. Under RAP 18.1(b), a party requesting attorney fees, "must devote a section of its opening brief to the request." Since neither party complied with this rule, their requests should be denied.

Affirmed.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Kulik, J.

13