# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| MICHAEL DURLAND; KATHLEEN FENNELL; and DEER HARBOR BOATWORKS, | ) ) ) ) | No. 69134-1-I |
|  | ) | DIVISION ONE |
| Appellants, | ) ) ) |  |
| v. | ) ) |  |
| SAN JUAN COUNTY; WES HEINMILLER; and ALAN STAMEISEN, | ) ) ) | UNPUBLISHED |
| Respondents. | ) ) ) ) | FILED: September 30, 2013 |

Cox, J. — "A prima facie case under 42 U.S.C. § 1983 requires the plaintiff to show that a person, acting under color of state law, deprived the plaintiff of a federal constitutional or state-created property right without due process of law."[1] "Property interests are not created by the constitution but are reasonable expectations of entitlement derived from independent sources such as state law."[2]

---

[1] Mission Springs, Inc. v. City of Spokane, 134 Wn.2d 947, 962, 954 P.2d 250 (1998).

[2] Id. at 962 n.15 (citing Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)).

Here, property owners Michael Durland, Kathleen Fennell, and Deer Harbor Boatworks (collectively "Durland") fail to demonstrate any constitutionally protected property right either under the San Juan County Code or otherwise. Accordingly, the trial court properly dismissed this action. We affirm.[3]

Wesley Heinmiller and Alan Stameisen (collectively "Heinmiller") own property on Orcas Island in San Juan County. On August 8, 2011, Heinmiller applied for a permit to build a second story on his garage located on his property.

On November 1, the San Juan County Department of Community Development and Planning granted the building permit. The San Juan County Code does not require public notice for the issuance of this type of permit.

Durland owns property adjacent to Heinmiller's property. On December 8, Durland received documents based on a Public Records Act request he made to San Juan County. During his review of these documents, he discovered that the County had issued a building permit to Heinmiller over a month earlier.

On December 19, Durland appealed the issuance of this permit to the San Juan County Hearing Examiner. The hearing examiner dismissed Durland's appeal as untimely.

Durland then commenced this action. The complaint, after stating a number of factual allegations, states that the hearing examiner's decision and the San Juan County Code violate 42 U.S.C. § 1983.[4] The request for relief seeks a

---

[3] We deny Heinmiller's motion to strike portions of Durland's statement of the case in his opening brief. We have disregarded materials not properly before us for purposes of deciding this case.

[4] Clerk's Papers at 11.

declaration that Durland's due process rights were violated by the lack of notice and opportunity to be heard on the issuance of the building permit. There is no substantive challenge in the complaint to the permit the County issued.

In May 2012, San Juan County moved for summary judgment in this case on the basis that Durland could not establish a constitutionally protected property interest. The superior court granted the motion.

Durland appeals.

## DISMISSAL OF 42 U.S.C. § 1983 CLAIM

Durland argues that the trial court erred when it summarily dismissed his 42 U.S.C. § 1983 claim. He contends that he was deprived of a constitutionally protected interest without a meaningful opportunity to be heard. We disagree.

This court reviews summary judgment determinations de novo, engaging in the same inquiry as the trial court.[5] Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[6] Further, summary judgment is appropriate if reasonable minds could reach but one conclusion from all the evidence.[7]

*Constitutionally Protected Property Interest*

Durland argues that he has a constitutionally protected property interest that supports his § 1983 claim against San Juan County. Specifically, he

---

[5] Harberd v. City of Kettle Falls, 120 Wn. App. 498, 507, 84 P.3d 1241 (2004).

[6] CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002).

[7] Harberd, 120 Wn. App. at 507-08.

contends that the San Juan County Code's height and size limitations for garage and accessory buildings confer a property interest in having the County comply with these limitations. He asserts that he is entitled to notice and a hearing before he is deprived of that claimed right. We disagree.

Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"To establish a prima facie due process violation under § 1983, the plaintiff must show that the defendant deprived the plaintiff of a constitutionally protected property right."[8] "Property interests are not created by the constitution but are reasonable expectations of entitlement derived from independent sources such as state law."[9] "'A protected property interest exists if there is a legitimate claim of entitlement to a specific benefit.'"[10] More specifically, "a zoning ordinance can create a property right."[11]

---

[8] Manna Funding, LLC v. Kittitas County, 173 Wn. App. 879, 894-95, 295 P.3d 1197 (2013) (citing Mission Springs, Inc., 134 Wn.2d at 962; Robinson v. City of Seattle, 119 Wn.2d 34, 58, 830 P.2d 318 (1992)).

[9] Mission Springs, Inc., 134 Wn.2d at 962 n.15 (citing Bd. of Regents, 408 U.S. at 577).

[10] Nieshe v. Concrete Sch. Dist., 129 Wn. App. 632, 641-42, 127 P.3d 713 (2005) (internal quotation marks omitted) (quoting Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir. 1984)).

[11] Asche v. Bloomquist, 132 Wn. App. 784, 797-98, 133 P.3d 475 (2006).

This court reviews de novo questions of law, including statutory construction.[12]

Here, Durland relies primarily on Asche v. Bloomquist to make his case.[13] In Asche, Division Two considered whether the Asches had a property interest under a Kitsap County zoning ordinance.[14] It concluded that the Asches had a property interest in preventing their neighbors, the Bloomquists, from building a structure over 28 feet in height.[15] The court came to this conclusion because of a "View Protection Overlay Zone" in the Kitsap County Code.[16] According to this zoning ordinance, a building may be built up to 28 feet without any prerequisites.[17] But a building taller than 28 feet but less than 35 feet could "only be approved if the *views of adjacent properties*, such as that of the Asches, are not impaired."[18]

---

[12] Id. at 797.

[13] Opening Brief of Appellants at 17-18 (citing Asche v. Bloomquist, 132 Wn. App. 784, 133 P.3d 475 (2006)).

[14] Asche, 132 Wn. App. at 797-99.

[15] Id. at 798.

[16] Id.

[17] Id.

[18] Id. (emphasis added).

The court concluded that the Asches had "a property right, created by the zoning ordinance, in preventing the Bloomquists from building a structure over 28 feet in height."[19] Thus, procedural due process applied to this property right.[20]

Here, Durland cites specific provisions of the San Juan County Code to support his assertion that there is a similar constitutionally protected property right in this case. These provisions are found within the Shoreline Master Program. Specifically, he relies on SJCC 18.50.330(B)(14), which regulates the height of residential structures, and SJCC 18.50.330(B)(15), which regulates the height and size of garage and accessory buildings.

Durland also relies on SJCC 18.50.330(E)(2)(a), (3), and (4). Respectively, these provisions discuss which accessory uses and developments are exempt from permitting requirements, when a shoreline substantial development permit is required, and when accessory structures may be permitted as conditional uses.[21]

It is noteworthy that not one of these cited provisions mentions any consideration of adjacent property views. This fact alone distinguishes this case from Asche.[22]

The only reference to views in any of these cited provisions is in SJCC 18.50.330(B)(14). That provision generally limits the height of residential

---

[19] Id.

[20] Id.

[21] SJCC 18.50.330(E)(2)(a), (3), and (4).

[22] See Asche, 132 Wn. App. at 798.

structures to 28 feet, provided that heights above 35 feet are permitted as conditional uses.[23] In such cases, the "applicant must demonstrate that the structure will not result in significant adverse visual impacts, nor interfere with normal, public, visual access to the water."[24] This language refers to "*public, visual access to water*."[25] Significantly, this language does not refer to visual impacts of adjacent property owners.

Additionally, as the trial court correctly reasoned, SJCC 18.50.140 assists in defining what views are at issue here. This provision generally addresses public views with one exception. SJCC 18.50.140(D) describes view protection for "surrounding properties to the shoreline and adjoining water." But that protection applies when there is "development on or over the water."[26] In the instant case, there is no "development on or over the water." Thus, harmonizing the provisions at issue, the visual impacts language on which Durland relies does not apply to adjacent property owners.

At oral argument for this case, Durland advanced the theory that the cited statutory framework on which the claim rests is mandatory, not discretionary, in character. From this, Durland argues that a property right exists. Neither the briefing below nor the briefing here is persuasive on this point. Accordingly, we reject this argument.

---

[23] SJCC 18.50.330(B)(14).

[24] Id.

[25] Id.

[26] SJCC 18.50.140(D).

7

In sum, the superior court correctly determined that these zoning ordinances do not confer a property right on Durland to prevent Heinmiller from building a garage that could impact Durland's view as an adjacent property owner. Consequently, procedural due process protections do not apply. The court properly dismissed the 42 U.S.C. § 1983 claim.

## ATTORNEY FEES

Heinmiller requests an award of attorney fees and costs under RCW 4.84.370. For the reasons discussed below, we deny this request.

RCW 4.84.370(1) provides for an award of "reasonable attorneys' fees and costs . . . to the prevailing party or substantially prevailing party on appeal before the court of appeals . . . of a decision by a county . . . to issue, condition, or deny a . . . building permit . . . ."

Here, Durland argues that fees are not permitted because Heinmiller is not a prevailing party. This argument is based, in turn, on the fact there was no hearing on the land use decision below. As this court recently held in Durland v. San Juan County,[27] which also arose from the facts in this case, that argument is untenable in Division One. The plain words of the statute do not require a party to prevail on the merits to be entitled to fees.[28] Thus, this argument does not serve as a basis for our decision to reject an award of attorney fees.

---

[27] 175 Wn. App. 316, 305 P.3d 246, 251 (2013).

[28] Id. (citing Prekeges v. King County, 98 Wn. App. 275, 285, 990 P.2d 405 (1999)).

8

Instead, we reject an award of fees in this case because it is, essentially, a 42 U.S.C. § 1983 claim, which does not permit an award of fees to a defendant. We say this despite the heading on the complaint. As we already noted, there was no substantive attack against the permit. Rather, this was a claim that the procedures in this case deprived Durland of constitutionally protected rights. We also note that fees were awarded to Heinmiller in the Skagit County case, which addressed the LUPA challenge.[29] In sum, fees are not awardable under the special circumstances of this case.

The award of costs, as distinct from attorney fees, to Heinmiller, as the substantially prevailing party, may be made upon timely compliance with the provisions of RAP 14.1 et seq.

We affirm the summary judgment order.

_Cox, J._

WE CONCUR:

---

[29] Id.

9