IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARGERY JONES, an individual,<br><br>       Appellant,<br><br>   v.<br><br>SNOHOMISH COUNTY, a local jurisdiction; KEVIN MAVIS, Applicant for Permit/Approval; WESLEY & CAROL MAVIS, purported owners from original permit application; CALIBRE SIGNATURE HOMES LLC, tax payer under parcel number; K&M'S HOME CONSTRUCTION, LLC; LAND DEVELOPMENT CONSULTANTS INC.; and other persons listed in written decision,<br><br>       Respondents. | No. 85053-9-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Margery Jones challenged a Snohomish County Planning and Development Services (PDS) decision approving a minor revision to an administrative site plan (ASP) and a land disturbing activity (LDA) permit under the Land Use Petition Act (LUPA), chapter 36.70C RCW. The trial court dismissed Jones' petition as moot. We affirm and award the respondents' attorney fees and costs.

FACTS

The "Edmonds Urban Living Townhomes" project is a new, five-building, 23-unit townhome development constructed by Calibre Signature Homes LLC. It sits on a 1.09-acre parcel on 148th Street SW in Edmonds. Townhome buildings

C and D span the southern portion of the parcel.  Jones lives just south of building D.

In 2014, Calibre[1] bought the unimproved parcel with the intent to develop townhomes.  Calibre submitted building plans to PDS for approval of an ASP.  PDS approved the ASP on April 6, 2018.[2]  PDS then issued Calibre an LDA permit for the project.[3]  It issued the building permits for building C in August 2018 and building D in November 2018.

The plans and permits contemplated a sloped grade at the southern boundary of the property with a French drain along the property line.  But during construction, Calibre "made field changes" to the area, installing a four-foot concrete block retaining wall near the southern property line behind buildings C and D and leveling the grade of the area by adding fill.[4]  In May 2020, Calibre applied for a preliminary plat, which PDS approved in September 2020.[5]

Calibre completed construction of buildings C and D in 2022 and in June, applied for final plat approval.  On June 14, 2022, PDS mailed notices of review

---

[1] Kevin Mavis is the sole member and manager of Calibre.  He is also the sole member and manager of K&M's Home Construction LLC.  K&M's acquired the development site in 2014 and began to plan and permit the proposed development but transferred the property to Calibre in 2018.  This opinion refers to those parties collectively as Calibre for simplicity.

[2] On March 14, 2018, PDS issued a determination of nonsignificance under the Washington State Environmental Policy Act (SEPA), chapter 43.21C RCW, finding the ASP "does not have a probable, significant adverse impact on the environment."

[3] The permit is not in the record.

[4] Calibre's site engineer filed a declaration explaining that the field change was made to prevent stormwater runoff from encroaching on neighbors' land by installing a "piped drainage system" instead of a French drain.

[5] The plans supporting the preliminary plat still showed a sloped grade behind buildings C and D.

of the final plat application to the neighbors of the development, including Jones, giving PDS' contact information and inviting the public to submit written comments by July 2, 2022.

After the July 2022 deadline, PDS issued comments on Calibre's application, saying that it would not approve the final plat until it ensured the changes made during construction complied with the county code. So, in September 2022, Calibre submitted "as-built" site plans, land disturbing plans, and landscaping plans to PDS, seeking a minor revision of its ASP and LDA permit. The application sought approval from PDS for the change in grading, addition of fill, and installation of the retaining wall behind buildings C and D.

PDS approved the "minor revision" to the ASP and permit on October 12, 2022.[6] In its decision, PDS concluded that the site as-built complies with Snohomish County's growth management plans, codes, regulations, and zoning requirements. The approved revision thus "constitute[d] the approved [ASP]." The next day on October 13, 2022, PDS approved the final plat. The final plat approved the project as-built, representing PDS' determination that the whole project satisfied "the requirements of state law and county code" under Snohomish County Code (SCC) 30.41A.640(4).[7] On October 14, 2022, Calibre recorded the final plat. Calibre then listed and sold several of the units.

---

[6] This decision revised the original ASP to reflect the addition of fill and a retaining wall behind buildings C and D, resulting in a change in grade from the original plans. All other aspects of the original ASP remained the same.

[7] The final plat approval is not in the record.

Jones did not appeal the final plat approval. Instead, on November 2, 2022, she appealed to the Snohomish County Superior Court PDS' October 12, 2022 approval of the minor revision under LUPA.[8] Jones alleged that Calibre's as-built changes did not comply with several provisions of the SCC and SEPA.[9]

Calibre moved for summary judgment. It argued that because Jones appealed the minor revision decision but not the final plat, her LUPA appeal "is moot and must be dismissed because the Court has no power to grant any effective remedy." It also argued that Jones' LUPA appeal is "an impermissible collateral attack" on the final plat. Snohomish County joined in Calibre's motion.

Jones opposed the summary judgment motion. She argued that under LUPA, she need appeal only the initial land use decision, and "no subsequent action by Snohomish County can negate or make moot that appeal."

The court granted summary judgment for Calibre. It found as an undisputed fact that Jones did not appeal the final plat, which approved the project as-built. And it found that the final plat is a land use decision under LUPA that "becomes final and binding" without an appeal in the statutory 21-day appeal window under RCW 36.70C.040. The court concluded that Jones' LUPA appeal is moot "because the final plat has been approved, issued, and recorded, and cannot be revoked or altered," so the remedy Jones seeks—reversal of the minor

---

[8] Jones included Mavis, his parents Wesley and Carol Mavis, and K&M's as respondents. She also named LDC Inc. as a respondent. About a month later, she amended her complaint only to replace LDC Inc. with Land Development Consultants Inc. Except for Snohomish County, we include all the respondents in our collective Calibre references.

[9] Though PDS already approved the final plat and Calibre recorded it, Jones' LUPA petition asked the court to "stay or suspend the action by the local jurisdiction to provide final approval and to not allow recording of the subdivision plat."

revision decision—would not afford her "any effective relief." It also concluded that Jones' appeal is "an impermissible collateral attack on a final and binding land use decision" under RCW 36.70C.040(2). The court dismissed Jones' LUPA petition in its entirety with prejudice.

Jones appeals.

ANALYSIS

1. Mootness

Jones argues the trial court erred by dismissing her LUPA petition as moot. We disagree.

We review issues of mootness de novo. *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 204, 293 P.3d 413 (2013). " 'A case is moot if a court can no longer provide effective relief.' " *Heritage Grove v. Dep't of Health*, 11 Wn. App. 2d 406, 412, 453 P.3d 1022 (2019) (quoting *SEIU Healthcare 775NW v. Gregoire*, 168 Wn.2d 593, 602, 229 P.3d 774 (2010)). When an appeal is moot, the court should dismiss it. *Id.*

LUPA is the exclusive means of judicial review of a government entity's final land use decision. *Samuel's Furniture, Inc. v. Dep't of Ecology*, 147 Wn.2d 440, 449-50, 54 P.3d 1194 (2002). By enacting LUPA, the legislature sought, in part, "to provide consistent, predictable, and timely judicial review" of those decisions. RCW 36.70C.010; *Habitat Watch v. Skagit County*, 155 Wn.2d 397, 406, 120 P.3d 56 (2005). To promote timely judicial review, LUPA establishes a strict, uniform, 21-day deadline for appealing final decisions of local land use authorities. RCW 36.70C.040(2), (3); *Habitat Watch*, 155 Wn.2d at 406-07. "A

land use petition is barred, and the court may not grant review, unless the petition is timely filed." RCW 36.70C.040(2). That is, land use decisions become unreviewable if not appealed to a superior court within LUPA's specified timeframe. *Habitat Watch*, 155 Wn.2d at 406-07.

PDS approved the minor revision to the ASP and LDA permit on October 12, 2022 and approved the final plat on October 13, 2022. Both were final land use decisions. By approving the final plat, PDS determined that it conforms to "all conditions of the preliminary subdivision approval and requirements of state law and county code." SCC 30.41A.640(4); *see also* RCW 58.17.170. This necessarily includes the approved minor revisions to the ASP and LDA permit because PDS used those documents to verify that the project complied with the plans and that the plans complied with the law before granting final plat approval.

But Jones did not appeal the final plat. As a result, it became unreviewable after the 21-day window for appeal lapsed. *Habitat Watch*, 155 Wn.2d at 406-07. So, even if Jones succeeded on her challenge to the minor revision decision, the court could provide no effective relief because it could not order the county to deny, revoke, or amend the final plat. Jones' appeal is moot. *See Harbor Lands LP v. City of Blaine*, 146 Wn. App. 589, 592-93, 191 P.3d 1282 (2008) (concluding a LUPA challenge to a city's authority to issue a stop work order is moot where "the stop work orders had been rescinded, a transfer of real estate had been effectuated between the parties, the construction had been completed, and occupancy permits had been issued").

Still, citing RCW 36.70C.140, Jones argues that the court could provide effective relief by ordering Calibre to tear down the retaining wall and replat the project. Under RCW 36.70C.140, a court has broad discretion to "affirm or reverse the land use decision under review or remand it for modification or further proceedings," and to "make such an order as it finds necessary to preserve the interests of the parties and the public, pending further proceedings or action by the local jurisdiction." *See Prosser Hill Coalition v. County of Spokane*, 176 Wn. App. 280, 286, 309 P.3d 1202 (2013). But that statute applies to only land use decisions timely appealed under RCW 36.70C.040. *See, e.g.*, *Id.* at 286-87. And Jones did not timely appeal the final plat, so RCW 36.70C.140 does not support the relief she requests.

Finally, Jones argues that it is unfair to declare her petition moot. She argues we would impose a "significant burden" on LUPA petitioners if we hold that they "must continue to monitor the county record and file a new LUPA petition or amend their LUPA petition based upon all relevant subsequent actions." But Jones' claims of inequity do not make her petition justiciable. And "[j]usticiability is a threshold requirement that must be satisfied" before a court may address a claim. *Eyman v. Ferguson*, 7 Wn. App. 2d 312, 319, 433 P.3d 863 (2019). Even so, requiring Jones to amend her LUPA petition to include those final land use decisions that affect her initial LUPA appeal is not a significant burden. Jones had ample notice of Calibre's intent to seek final plat approval. PDS notified Jones of the pending final plat approval in June 2022 and

7

Calibre recorded the final plat weeks before Jones filed her LUPA petition in November 2022.

We affirm the trial court's dismissal of Jones' LUPA petition as moot.[10]

2.  Appellate Attorney Fees and Costs

Snohomish County requests an award of statutory attorney fees and costs under RAP 14.3 pending submission of a cost bill under RAP 14.4.  Under RAP 14.3(a), we may award "statutory attorney fees and the reasonable expenses actually incurred by a party" on appeal.  Because we affirm the trial court's determination that Jones' petition is moot, we award Snohomish County fees and costs under RAP 14.3 subject to compliance with RAP 14.4.

Calibre requests attorney fees and costs under RAP 14.2, RAP 14.3, and RCW 4.84.370.  We may award reasonable attorney fees and costs to the prevailing party on appeal of a local government decision "to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision."  RCW 4.84.370(1); *Durland v. San Juan County*, 175 Wn. App. 316, 325-26, 305 P.3d 246 (2013), *aff'd*, 182 Wn.2d 55, 340 P.3d 191 (2014).  We will award fees and costs if "[t]he prevailing party on appeal was the prevailing party or substantially prevailing party before the county, city, or town."  RCW 4.84.370(1)(a); *Durland*, 175 Wn. App. at 326.  "Under this statute, parties are entitled to attorney fees only if a county, city, or town's decision is

_____

[10] Because we affirm the trial court's dismissal of Jones' LUPA petition as moot, we need not address her claim that the court also erred by dismissing her petition as an impermissible collateral attack on the final plat.

rendered in their favor and at least two courts affirm that decision." *Habitat Watch*, 155 Wn.2d at 412-13.

Calibre prevailed before PDS, and the trial court affirmed that decision. Because we now affirm the trial court's dismissal of Jones' petition, we award fees and costs to Calibre subject to compliance with RAP 18.1.

We affirm the trial court's dismissal of Jones' LUPA petition as moot and award Snohomish County and Calibre attorney fees and costs.

_____
Brennan, J

WE CONCUR:

_____
Díaz, J.

_____
Birk, J.

9